UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel.<br>LAURA LOVETT and LISA MAYHEW,<br><br>　　Plaintiffs-Relators,<br><br>v.<br><br>HOLZER CLINIC,<br><br>　　Defendant. | Civil Action No. 2:08-CV-312<br><br>Judge Watson<br><br>Magistrate Judge Abel |

## PROTECTIVE ORDER

It is ordered that the following terms and provisions will govern the production and use of certain documents, information, and evidence ("Produced Material") to be produced by the parties (Laura Lovett, Lisa Mayhew, and Holzer Clinic are referred to herein collectively as the "parties") or any third party in connection with the above-captioned action:

1.　"Covered Information" is that Produced Material which Laura Lovett, Lisa Mayhew, and/or Holzer Clinic reasonably believe in good faith constitutes either (a) personal health or personal financial information of individuals, or personal information contained in an employee's personnel file; and/or (b) trade secret or other confidential research, development, or commercial information subject to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G). Covered Information expressly includes "protected health information" produced by any "covered entity," as defined by HIPAA's Privacy Rule. *See* 45 C.F.R. § 160.103; 45 C.F.R. § 164.501.  Pursuant to the HIPAA Privacy Rule, a covered entity such as Holzer Clinic is permitted to disclose protected health information in the course of a judicial proceeding if certain "satisfactory assurances" are received. This Protective Order hereby provides Holzer Clinic or any

other covered entity compelled to produce documents in this litigation with the requisite satisfactory assurances under HIPAA. See 45 C.F.R. § 164.512(e)(1)(iv).  In accordance with the HIPAA Privacy Rule, this Protective Order allows for the disclosure and receipt of a patient's protected health information, in the possession of a covered entity, for the limited purpose of this litigation, including at depositions, hearings, or other judicial proceedings in this litigation. In accordance with the HIPAA Privacy Rule, this Protective Order specifically prohibits the parties from using or disclosing the protected health information for any purpose other than this litigation for which such information was requested. 45 C.F.R. § 164.512(e)(1)(v)(A).  Also in accordance with the HIPAA Privacy Rule, the protected health information disclosed to any persons listed in Paragraph 4 of this Protective Order, including all copies made, shall be destroyed at the conclusion of this litigation. 45 C.F.R. § 164.512(e)(1)(v)(B).

This Order also permits and authorizes the parties to disclose individually identifying health, personal and financial information of nonparty patients during discovery in this case. The Court further finds that it is not possible to identify and contact all nonparty patients whose names or other personal, identifying information may be produced and that removal or deletion of all such information is not practical or feasible.   Therefore, the Court hereby authorizes and ORDERS, to the extent a court order is necessary under state law, that the parties are permitted to disclose individually identifying health, personal, and financial information, records and data regarding nonparty patients during discovery in this case, including information otherwise privileged or confidential under state law.

2.    All documents containing Covered Information shall be clearly labeled "Confidential" by the party producing the information.

3.    Testimony at a deposition or hearing concerning Covered Information may be

designated as subject to this Protective Order by an appropriate statement at the time of the giving of such testimony or in writing within thirty (30) days after receipt of each volume of such transcript. Until such time period expires, the portion of any such transcript shall be treated as Covered Information unless otherwise specified in writing or on the record at the hearing or deposition. All copies of portions of transcripts that contain material designated as Covered Information shall be marked prominently "Subject to Protective Order" on the cover thereof. No testimony shall be deemed subject to this Protective Order unless specifically designated as such. Either party's designation of testimony as Covered Information shall be limited to only that part of the testimony that it in good faith and reasonably believes is protected by federal or state law.

4. Covered Information may not be disclosed by any person to anyone other than:

   a. Representatives of the United States and the States and Commonwealths.

   b. The parties to this litigation, including their current or former officers, directors, agents, employees, and consultants;

   c. Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel;

   d. Court reporters, stenographers, or video operators at depositions, court, or arbitral proceedings at which Covered Information is disclosed;

   e. Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Covered Information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

   f. Deponents and other persons providing testimony in this matter and their counsel, if any;

      g.    Any person who authored, received, or who otherwise has already been provided access to the Covered Information in the ordinary course of business;

      h.    The Court, whether in a letter, affidavit, brief, memorandum or other filed paper, or whether orally in a hearing;

      i.    Independent experts and consultants retained by counsel of record to assist them in connection with this action; and

      j.    Such other persons as the parties may mutually agree upon in writing.

5.    Prior to disclosing Covered Information to those individuals listed in Paragraphs i and j above, the parties shall obtain a signed agreement in the form of Exhibit A hereto from the party to whom the Covered Information is to be disclosed.  Such agreement shall be retained by counsel throughout the course of the action, including any appeals.

6.    Covered Information may be used by the parties solely for the prosecution or defense of the claims in this action and shall not be used for any other purpose, including without limitation any business, commercial, competitive, or personal purpose; Covered Information shall not be used in any lawsuit, claim, or cause of action other than in this case, and shall not be disclosed except as provided in this Protective Order.

7.    Covered Information shall be stored under the direct control of counsel, who shall use its best efforts to prevent any disclosure thereof except in accordance with the terms of this Protective Order.  Within 45 days of the conclusion of this case, all Covered Information, and all copies thereof shall be destroyed or returned to the producing party.

8.    Restrictions and obligations set forth herein relating to Covered Information shall not apply to any material which: (a) is already public knowledge or becomes public knowledge

through disclosure in open court; or (b) has become public knowledge other than as a result of disclosure in violation of this order by the party receiving the Covered Information.

9. In the event that any party believes that any material marked "Confidential" is not Covered Information and, therefore, should not be subject to this Protective Order, the party shall, within a reasonable amount of time of the party's receipt of the document marked "Confidential," state the grounds for the objection in writing and serve it on the producing party. The objecting party shall thereafter try to resolve the dispute in good faith on an informal basis with the producing party. In the event the dispute cannot be resolved informally within fourteen (14) days after the designating party's receipt of the notice, the designating party may file an appropriate application with the Court requesting that the designated material be treated as subject to the Protective Order. The party making the designation shall have the burden of proving that the material should be treated as designated. During the pendency of any motion to reclassify materials that have been designated as "Subject to Protective Order," the parties shall adhere to the previously designated classification. However, if no motion is filed within fourteen (14) days of the receipt of the notice of objection, the designated material shall no longer be treated as "Subject to Protective Order."

10. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure outside of this litigation of its own information by the party producing or supplying the information.

11. This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as Covered Information: (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case; or (c) otherwise should not be admitted as evidence in the case. By entering into this stipulation, neither party concedes that any

information produced in this litigation does in fact contain Covered Information.

12. The inadvertent disclosure of unmarked material that the producing party believes should have been designated as Covered Information shall not be deemed to be a waiver or impairment of the producing party's right to make designations under this Protective Order going forward, either as to the specific material in question or as to any other materials relating thereto or to the same or related subject matter. On the other hand, no person shall be subject to any penalty or sanction for any otherwise appropriate use of any material before they have been designated pursuant to this Order. This provision shall be governed by, and this Protective Order is entered pursuant to, Federal Rule of Evidence 502. To the extent that the terms of this provision conflict with Rule 502, that Rule shall control as to any inadvertent disclosure of privileged information.

13. The inadvertent disclosure of any material subject to a claim that it is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection against discovery ("Protected Materials") shall be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

14. This Protective Order may be amended only by leave of the Court.

15. Notwithstanding any of the non-disclosure obligations set forth in this Protective Order, such obligations shall not extend to any material required to be produced by an appropriate subpoena, court order, a regulatory agency, or otherwise by law. To the extent that the information subpoenaed includes protected health information, the parties understand that disclosure of protected health information must comply with the HIPAA Privacy Rule and state law. Should a party or its counsel be served with a subpoena or other notice seeking disclosure or production of Covered Information, including protected health information, that party shall give notice to counsel for the other party promptly and in writing, sufficiently in advance of the requested

production date to allow the counsel for the party or such other interested person or entity an opportunity to object to the requested production.

16. Any allegations regarding violation of this Protective Order shall be submitted to the Court for adjudication.

17. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

IT IS SO ORDERED.

                                      s/Mark R. Abel_____
                                      Mark R. Abel
                                      United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ G. Mark Simpson*
G. Mark Simpson
Georgia Bar No. 647725
Simpson Law Firm, LLC
110 Habersham Dr., Ste. 108
Fayetteville, GA 30214
Phone: (770) 371-5008
Fax: (678) 302-8721
mark@marksimpsonlaw.com

Frederick M. Morgan, Jr. (0027687)
MORGAN VERKAMP LLC
35 E. 7th Street, Suite 600
Cincinnati, Ohio 45202
Tel. (513) 651-4400
Fax (513)651-4405
rick.morgan@morganverkamp.com

Andrew M. Stone
Penn. Bar No. 35176
Stone Law Firm, LLC
1806 Frick Bldg.
437 Grant Street

7

Pittsburgh, PA 15219
Phone: (412) 391-2005
Fax: (412) 391-0853
astone@stone-law-firm.com
*Attorneys for Relators*


*/s/Rodger L. Eckelberry*
Rodger L. Eckelberry (0071207)
reckelberry@bakerlaw.com
BAKER & HOSTETLER LLP
Capitol Square, Suite 2100
65 East State Street Columbus, Ohio 43215-4260
Telephone: 614.462.5189
Facsimile: 614.462.2616
*Trial Attorney for Defendant Holzer Clinic*

EXHIBIT A

**AGREEMENT REGARDING PROTECTIVE ORDER**

_____, residing at

_____,

states that he or she is employed by  _____

and has read the Protective Order entered into by the parties to the action entitled

UNITED STATES OF AMERICA *ex rel*. LAURA LOVETT and LISA MAYHEW v. HOLZER CLINIC, *et al.*, Civil Action No. 2:08-cv-312, and agrees that he or she will not disclose any Covered Information (as defined in said Protective Order) except in accordance with the terms of said Order, or the terms of any Order modifying it of which he or she has notice. _____ also states that he or she agrees to submit to the personal jurisdiction of the Southern District of Ohio, with respect to any proceeding relating to enforcement of said Protective Order.

Dated: _____

    _____ [Signature]